UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SHAWN MILLER, individually and on behalf of all others similarly situated,<br><br>v.<br><br>BELL ENERGY SERVICES, LLC AND DAKOTA PETROLEUM SERVICES, LLC | Case No. _____<br>Rule 23 Class Action<br>FLSA Collective Action |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Shawn Miller brings this lawsuit to recover unpaid overtime wages and other damages from Bell Energy Services, LLC and Dakota Petroleum Services, LLC (collectively "Defendants") under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), and North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01, *et seq.*) (together, the "ND Wage Laws").

2. Miller and other similarly situated employees were truck drivers transporting both production and fresh water to and from oilfield sites within the State of North Dakota, but were not paid overtime premiums for any of the overtime hours they worked.

3. This collective action and class action seeks to recover the unpaid overtime wages and other damages owed to Defendants' employees under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Plaintiff's claims under the ND Wage Laws form part of the same case or controversy as his FLSA claims under Article III of the United States Constitution. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

7. Miller performed work for Defendants in this Judicial District.

## THE PARTIES

8. Miller worked for Defendants from 2018 through December 2022.

9. Miller was employed by Defendants as a driver, hauling production and fresh water between oilfield sites in North Dakota.

10. Miller was paid a percentage of each load that he hauled.

11. Miller would typically work 6 nights per week.

12. Miller would typically work 12 hours per night.

13. Miller was a non-exempt employee during his employment with Defendants.

14. Miller's written consent is attached hereto as Exhibit A.

15. Miller represents at least two classes of similarly situated co-workers.

16. Miller represents a class of similarly situated workers under § 16(b) of the FLSA. *See* 29 U.S.C. § 216(b). This FLSA class is defined as:

> **Current and former drivers employed by Defendants in the past three years who were not paid overtime premiums for any hours worked over forty per workweek.**

17. Miller represents a class of similarly situated workers under the ND Wage Laws pursuant to Federal Rule of Civil Procedure 23. This North Dakota Class is defined as:

> **Current and former drivers employed by Defendants in the past three years who were not paid overtime premiums for any hours worked over forty per workweek.**

18. Collectively, the FLSA Class Members and the North Dakota Class Members are referred to as "Putative Class Members."

19. Bell Energy Services, LLC is a domestic limited liability company that does business in this District. It may be served by serving its registered agent for service of process, Travis R. Leach at 127 1st Street NA, Halliday, North Dakota, 58636.

20. Bell Energy Services, LLC was an employer of Miller and the Putative Class Members as defined by 29 U.S.C. §203(d).

21. Dakota Petroleum Services, LLC is a domestic limited liability company that does business in this District. It may be served by serving its registered agent for service of process, Travis R. Leach at 127 1st Street NA, Halliday, North Dakota, 58636.

22. Dakota Petroleum Services, LLC was an employer of Miller and the Putative Class Members as defined by 29 U.S.C. §203(d).

## COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Defendants have each been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, each Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that each enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## FACTS

26. Defendants transport fresh water and production water to and from various oilfield sites in North Dakota.

27. Defendants employ drivers to perform their water transport services.

28. Many of these individuals worked for Defendants performing the same or substantially similar job duties as Miller.

29. While exact job titles and job duties may slightly differ, Miller and the Putative Class Members were subjected to the same or similar illegal pay practices for similar work.

30. Specifically, Defendants paid Miller and the Putative Class Members the same rate for all hours worked, even those in excess of 40 hours in a workweek.

31. Defendants controlled all the significant or meaningful aspects of the job duties performed by Miller and the Putative Class Members.

32. Defendants controlled the hours and locations Miller and the Putative Class Members worked, and the rate of pay received.

33. Miller and the Putative Class Members were all paid on a per load basis and consistently worked between 60 and 80 hours per week.

34. The Putative Class Members performed substantially similar job duties to Miller related to hauling materials to and from oil and gas operations in the field.

35. The Putative Class Members also worked similar hours and were denied overtime premiums as a result of the same illegal pay practices experienced by Miller.

36. Instead of paying them overtime, Defendants paid Miller and the Putative Class Members the same per load rate for all hours worked.

37. Defendants denied Miller and the Putative Class Members an overtime premium for any hours worked in excess of 40 hours in a single workweek.

38. Defendants' refusal to pay overtime policy is a clear violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

39. Miller incorporates all preceding paragraphs.

40. The illegal pay practices Defendants imposed on Miller were likewise imposed on the Putative Class Members.

41. Numerous other individuals who worked with Miller were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA and ND Wage Laws. Upon information and belief, the Putative Class Members are so numerous as to make their joinder in this action impracticable.

42. Thus, Defendants imposed a uniform practice or policy on Miller and the Putative Class Members regardless of any individualized factors.

43. Based on his experiences and tenure with Defendants, Miller is aware that Defendants' illegal practices were imposed on the Putative Class Members.

44. Putative Class Members were not paid overtime premiums for any hours worked over forty per week.

45. Defendants' failure to pay overtime compensation at the rates required by the FLSA and ND Wage Laws result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

46. Miller's experiences are therefore typical of the experiences of the Putative Class Members.

47. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

48. Miller has no interest contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Miller has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

49. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50. Absent this action, many Putative Class Members likely will not obtain redress for their injuries and Defendants will reap the unjust benefits of violating the FLSA and ND Wage Laws.

51. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

52. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

53. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   (a) Whether the Putative Class Members were paid overtime at one and one half their regular rate of pay for hours worked in excess of 40 in a workweek;

   (b) Whether Defendants' decision to not pay overtime to the Putative Class Members was made in good faith and on reasonable grounds; and

   (c) Whether Defendants' violation of the FLSA was willful.

54. Miller's claims are typical of the Putative Class Members claims. Miller and the Putative Class Members Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy.

55. Miller knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

56. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—FLSA VIOLATIONS

57. Miller incorporates all preceding paragraphs.

58. As set forth herein, Defendants violated the FLSA by failing to pay Miller and the Putative Class Members overtime at a rate not less than time and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, 29 U.S.C. § 207(a).

59. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Miller and the Putative Class Members proper overtime compensation.

60. Defendants' failure to pay overtime premiums to Miller and the Putative Class Members was neither reasonable nor made in good faith.

61. Accordingly, Miller and the Putative Class Members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION—ND WAGE LAWS VIOLATIONS

62. Miller incorporates all preceding paragraphs.

63. The conduct alleged in this Complaint violates the ND Wage Laws.

64. Defendants were and are an "employer" within the meaning of the ND Wage Laws.

65. At all relevant times, Defendants employed each member of the North Dakota Class as an "employee" within the meaning of the ND Wage Laws.

66. The ND Wage Laws require employers to pay overtime premiums to all non-exempt employees.

67. The members of the North Dakota Class were and are non-exempt employees who are entitled to be paid overtime premiums for all overtime hours worked.

68. Within the applicable limitations period, Defendants had a policy and practice of failing to pay overtime premiums to the North Dakota Class members for their hours worked in excess of 40 hours per week.

69. As a result of Defendants' failure to pay overtime to the North Dakota Class, Defendants violated the ND Wage Laws.

70. The North Dakota Class is entitled to recover their unpaid overtime based on Defendants' failure to pay 1.5 times their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from their violations of the ND Wage Laws as the Court deems just and proper.

71. The North Dakota Class also seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the ND Wage Laws.

**RELIEF SOUGHT**

72. Wherefore, Miller prays for judgment against Defendants, jointly and severally, as follows:

   (d)   For an order certifying this case as a collective action pursuant to 29 U.S.C. §216(b) for the purposes of the FLSA claims;

   (e)   For an order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23 for the purposes of the ND Wage Laws claims;

   (f)   For an order finding Defendants liable for violations of state and federal wage laws with respect to Miller and all Putative Class Members covered by this case;

(g) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Miller and all Putative Class Members covered by this case;

(h) For a judgment awarding Miller and all Putative Class Members covered by this case their attorneys' fees, costs, and expenses of this action;

(i) For a judgment awarding Miller and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(j) For all such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**